UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: CHRISTINA THOMPSON : CHAPTER 13
       Debtor(s) :
 :
CHARLES J. DEHART, III :
STANDING CHAPTER 13 TRUSTEE :
       Movant :
 :
      vs. :
 :
CHRISTINA THOMPSON :
       Respondent(s) : CASE NO. 5-20-bk-03181

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 11th day of January, 2021, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Marital adjustment calculation - Line 13 - Itemize debt payments.

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. According to Schedule I, debtor makes $4,950.0 and her spouse makes $7,696.00 per month. The total monthly household income is $12,646.00; debtor's income is about 40% and her spouse's income is about 60% of the total income. Debtor's spouse has payroll deductions of $1,861.00; his car payment is $773.00, and his debt payments are $2,686.00. The result is that debtor's spouse contributes $2,373.00 to the household expenses listed on Schedule J.

    The amount on Line 22 of Schedule J for debtor's monthly expenses is $10,560.00. After deduction of $2,686.00, which is the amount listed for the non-filing spouse's debt payments, the shared household expenses total $7,874.00. Considering the relative income of the

debtor and her spouse, his 60% share of the expenses would be $4,724.00. While Trustee does not challenge the reasonableness of the payroll deductions and car payment, Trustee objects to the deduction of $2,686.00 for debt payments without more specificity as to what is included in that amount.

2. The Trustee provides notice to the Court as to the ineffectiveness of debtor(s) Chapter 13 Plan for the following reasons:

    a. Disclosure of compensation for Chapter 13 was not filed.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 25th day of January, 2021, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Patrick Best, Esquire
18 N. 8th Street
Stroudsburg, PA 18360

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee2